IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Jason Hullinger, et al,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>Kunal Anand, et al,<br><br>　　　　　Defendants. | Misc. No. _____<br><br>Related Action:<br><br>2:15-cv-07185-SJO-FFM (C. Dist. Cal.) |

### **NON-PARTY WHITE OPS INC.'S MOTION TO QUASH SUBPOENA**

Non-Party White Ops Inc. ("White Ops" or "Movant"), by and through its undersigned counsel, hereby moves pursuant to Federal Rule of Civil Procedure 45(c) and (d) to quash a subpoena to produce documents, issued on or about March 17, 2016, and received by movant on or around March 21, 2016. The subpoena is invalid because it purports to command the production of documents in Wilmington, Delaware, a location more than 100 miles from where movant "resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). It must therefore be quashed. Fed. R. Civ. P. 45(d)(3)(A)(ii) (providing that the Court "must quash" a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)")

### **FACTUAL BACKGROUND**

Plaintiffs Jason Hullinger, Benjamin de Bont, and Agora Systems (collectively, the "Plaintiffs") have filed a complaint in the United States District Court for the Central District of California (the "Prevoty Case."). (*See* Declaration of Jason J. Rawnsley in Support of White

Ops' Motion to Quash, Ex. 1 (amended complaint)).  On the face of the complaint, the Prevoty Case is a dispute among members or former members of plaintiff Agora Systems LLC, and alleged co-developers of certain intellectual property related to cybersecurity.  It alleges that the defendants in the case misappropriated this intellectual property and engaged in related wrong-doing towards Agora Systems LLC.  All of the plaintiffs and defendants in the case reside and conduct their business in California.

White Ops is not a party to the Prevoty Case.  It is a New York-based cybersecurity business, with its principal place of business at 27 West 24th Street, New York, New York 10010.  (*See* Declaration of Ash Kalb ["Kalb Decl."] ¶ 3.)  White Ops is aware that defendant Prevoty, Inc. is a California based start-up entity that is also in the cybersecurity business, and is aware of its principal Kunal Anand.  (*See id.* ¶ 2.)  But White Ops is unaware of having any relationship to this action, and is unaware of the facts alleged in Plaintiffs' complaint.  (*See id.*)  Although Movant's Chief Scientist, Dan Kaminsky, a well-known authority on cybersecurity, one of only seven people in the world who have been entrusted with the so-called "keys" to the world wide web, has acted, in a personal capacity, as an outside advisor to defendant Prevoty, Inc.,[1] White Ops itself has no business or investment relationship with Prevoty, Inc. or with its principals.  (*See id.*)

On or about March 21, 2016, White Ops received a subpoena at its mailing address in Brooklyn, New York, purportedly issued on behalf of Plaintiffs in the Prevoty Case.  (*See* Kalb Decl. ¶ 4 & Ex. A.)  It contains thirty-four separate "Requests for Production" including such blanket demands as "all documents relating to THIS LITIGATION," an action of which White Ops has no knowledge.

---

[1] Prevoty granted Mr. Kaminsky stock options in Prevoty, which remain unexercised.

The subpoena purports to command compliance at 9:00 a.m. on March 31, 2016.  It specifies Nationwide Legal c/o Brandywine Process Servers, 2500 Delaware Avenue, Wilmington, Delaware 19806 as the place for compliance.  (*See* Kalb Decl. Ex. A.)

White Ops' principal place of business is New York City.  Its employees work principally in New York City, California and Canada, and those are the locations in which it regularly transacts its business and maintains its records and documents. (*See* Kalb Decl. ¶ 6.)  It has no employees in Wilmington, Delaware or in the State of Delaware.  (*See id.*)  Its general counsel cannot recall a single instance of any White Ops employee travelling to Delaware for business.  (*See id.*)

## ARGUMENT

Plaintiffs' power to subpoena documents from a non-party is governed by Federal Rule of Civil Procedure 45.  Rule 45(c)(2) places explicit geographical limits on the exercise of the power to subpoena documents, by restricting the place at which the party may require the non-party to comply with the subpoena.  It provides:

> A subpoena may command (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.

Fed R. Civ. P. 45(c)(2).  *See also* Advisory Committee Notes, 2013 Amendment ("Rule 45(c) directs that compliance may be commanded only as it provides.")  Moreover, Rule 45 mandates that the district court "*must* quash" a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)." Fed. R. Civ. P. 45(d)(3)(A)(ii) (emphasis added).

These specific provisions of Rule 45, which are the result of 2013 amendments to the rule, are unequivocal in their terms and plain meaning.  They mandate that plaintiffs' subpoena be quashed as an invalid exercise of the subpoena power.  Moreover, in a decision from this

3

District interpreting earlier versions of the statute, the Court specifically ruled that a corporate non-party in New York City could not be compelled to produce documents in Wilmington, Delaware. *W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, No. 09–126–SLR, 2010 WL 181088, at *2-3 (D. Del. Jan. 19, 2010). In *West Coast Life Insurance*, the Court held that where the non-party had its principal place of business at 60 Wall Street, New York City, and had no employees in Delaware, or agents in Delaware who controlled its documents, it would violate the geographic limits on the subpoena power to require the party to produce documents in Wilmington, Delaware, because it would require travel of more than 100 miles from where the subpoenaed person "resides, is employed, or regularly transacts business in person." *Id.* at *1, *3. The same result follows under the current version of the rule, which no longer focuses on the distance that a person would theoretically have to travel to make production, but simply on the distance from the place where the company conducts its business.

White Ops regularly transacts its business in person in New York City (or in locations even further from Delaware.) Because Plaintiffs' subpoena requires compliance in Wilmington, Delaware, which is more than 100 miles from where White Ops regularly transacts its business in person, the subpoena must be quashed.

These geographic limits protect the non-party from undue burden and expense in complying with a document subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(ii); *see also* Fed. R. Civ. P. 45(d)(1) (an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena" and the court "for the district where compliance is required must enforce this duty" and impose "an appropriate sanction."). The place at which a non-party is required to comply with a subpoena dictates the forum that will hear disputes over compliance. Fed. R. Civ. P. 45(d)(2)(B), (d)(3).

RLF1 14244115v.1

Without the protection of Rule 45(c)(2) a non-party could be compelled to litigate a dispute over subpoena compliance in a distant forum where it has no reason to anticipate that it would be required to appear.  Here, Plaintiffs' failure to comply with the plain language of Rule 45 has forced White Ops, a New York-based company, to defend itself in Delaware and to retain Delaware counsel, simply to protect its rights with respect to a California action in which it has no involvement.  The entire structure of Rule 45 is intended to avoid that burdensome, expensive and unfair result.

        For all the above reasons, Plaintiffs' subpoena should be quashed.

OF COUNSEL:

Reed Smith
Cooley LLP
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7798
(212) 479-6000
reed.smith@cooley.com

    */s/ Jason J. Rawnsley*
Rudolf Koch (#4947)
Kevin M. Gallagher (#5337)
Jason J. Rawnsley (#5379)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700
koch@rlf.com
gallagher@rlf.com
rawnsley@rlf.com

*Attorneys for Movant White Ops Inc.*

Dated: March 31, 2016

5

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 31, 2016, the foregoing Non-Party White Ops Inc.'s Motion to Quash Subpoena was electronically filed with the Clerk of Court using the CM/ECF system and was caused to be served on the following counsel below via electronic mail and first-class mail:

Guy Ruttenberg
Bassil G. Madanat
Ruttenberg IP Law
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
(310) 627-2270
guy@ruttenbergiplaw.com
bassil@ruttenbergiplaw.com

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)